In re Petition for REINSTATEMENT to the Practice of Law OF Joel A. MONTPETIT, Petitioner.

No. CX–94–260.

Supreme Court of Minnesota.

Aug. 25, 1995.

As Amended Sept, 21, 1995.

### ORDER

WHEREAS, this court on March 24, 1995, suspended petitioner Joel A. Montpetit from the practice of law for a 4–month period, *In Re Disciplinary Action Against Montpetit,* 528 N.W.2d 243 (Minn.1995); and

WHEREAS, petitioner has applied for reinstatement; and

WHEREAS, the panel of the Lawyers Professional Responsibility Board considering the reinstatement petition, the Director's report, and exhibits found that petitioner has met the preconditions for reinstatement, including compliance with Rules 26 and 24, Rules on Lawyers Professional Responsibility; is current with continuing legal education requirements; has registered for the August 11, 1995, professional responsibility examination, the results of which are not yet available; and has shown by clear and convincing evidence that he has recognized the seriousness of the misconduct and possesses the character required for the practice of law; and

WHEREAS, the panel recommends petitioner be reinstated and be placed on 4 years' supervised probation subject to conditions; and

WHEREAS, this court has been informed petitioner has passed the professional responsibility examination; and

WHEREAS, this court has independently reviewed the record and agrees with the recommended reinstatement;

IT IS HEREBY ORDERED that petitioner Joel A. Montpetit is reinstated and placed

on 4 years' supervised probation subject to the following conditions:

a. He shall abide by the Minnesota Rules of Professional Conduct. All books and records concerning law office income and expenses and funds held on behalf of clients shall be maintained in compliance with Rule 1.15, MRPC, and Lawyers Professional Responsibility Board Amended Opinion 9.

b. His or his firm's trust account shall be managed by someone other than petitioner. This does not mean that he should abdicate all responsibility for the trust account. He shall regularly review the trust account record keeping practices and verify that the trust account is being properly maintained.

c. He shall employ a public accountant to maintain separate business and client trust accounts.

d. All client trust accounts shall be supervised by a licensed attorney and he shall cooperate fully with the supervisor and the Director's efforts to monitor compliance.

e. If he resumes practice with his former law firm, petitioner shall submit business books and records sufficient to verify that he did not share in attorney fees during the period of his suspension.

> BY THE COURT:
>
> /s/ Alexander M. Keith
> A.M. Keith
> Chief Justice